R. W. HOUK et al., Plaintiffs in Error, v. KIR-
BY PETROLEUM COMPANY,
Defendant in Error.

Motion No. 11111; No. 1693—6307.

Commission of Appeals of Texas, Section A.
Feb. 7, 1934.

On motion for rehearing.

SHARP, Judge.

In our original opinion [65 S.W.(2d) 496] we erroneously stated that this suit was filed October 25, 1929. The record discloses that the suit was filed on March 21, 1930. While this correction in no way changes the conclusions reached in the former opinion, it is made so that the facts stated will accurately state the facts contained in the record.

Having made the foregoing correction, we recommend that the defendant in error's motion for rehearing be overruled.

William BALES v. STATE.
No. 16482.

Court of Criminal Appeals of Texas.
Jan. 31, 1934.

Harry O. Cowing, Jr., and Harvey P. Shead, both of Longview, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for burglary; punishment, ten years in the penitentiary.

The record is here without statement of facts or bills of exception. The sentence directs that appellant be confined in the state penitentiary for a term of not less than ten years. No notice is taken in the sentence of our Indeterminate Sentence Law (Vernon's Ann. C. C. P. art. 775), which provides that sentence shall be pronounced at not more than the amount of punishment fixed by the jury and not less than the minimum allowed by law. The minimum punishment for burglary is two years. The number of years fixed by the jury's verdict was ten. The sentence will be reformed so as to direct the confinement of appellant in the state penitentiary for a period of years not more than ten nor less than two.

As reformed, the judgment will be affirmed.

Arley BARKER v. STATE (two cases).
Nos. 16612, 16613.

Court of Criminal Appeals of Texas.
Jan. 24, 1934.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The unlawful sale of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.